IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LAKE MARTIN REALTY, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 3:18cv798-ECM |
| | ) | (WO) |
| THE LAKE MARTIN REAL ESTATE COMPANY, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On September 13, 2018, the Plaintiffs, Lake Martin Realty, Inc. and Lake Martin Realty, LLC, filed this trademark infringement and unfair competition action against Defendant The Lake Martin Real Estate Company, LLC. (Doc. 1). The Plaintiffs also filed a motion for preliminary injunction (doc. 2) seeking to prevent the Defendant from using the name and mark "Lake Martin Realty." (Docs. 2 & 27).

The Plaintiffs invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121 stemming from their claims brought pursuant to the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. The Court has supplemental jurisdiction of the state law claim under 28 U.S.C. § 1367(a).

Now pending before the Court is the Plaintiffs' motion for a preliminary injunction (doc. 2), and motion for leave to amend the complaint (doc. 18). The

proposed amended complaint asserts no new causes of action or legal claims but rather clarifies facts related to the name "Lake Martin Realty." (*Id.* at 2). After being given the opportunity, the Defendant has not objected to the motion to amend the complaint.[1] Accordingly, the motion to amend the complaint will be granted. Because the Court will grant the motion to amend, the "amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007)). Consequently, for the purpose of this opinion, the Court refers to the amended complaint as the operative complaint.

On December 19, 2018, the Court held an evidentiary hearing on the motion for preliminary injunction. The motion is now fully briefed and ripe for resolution. Upon consideration of the evidence before the Court, and the arguments of counsel, the Court concludes that the Plaintiffs' motion for a preliminary injunction (doc. 2) is due to be denied.

## DISCUSSION

The Plaintiffs, Lake Martin Realty, Inc. and Lake Martin Realty, LLC, seek a preliminary injunction to prevent the Defendant, The Lake Martin Real Estate

---

[1] The defendant references the amended complaint in her post-hearing brief in opposition to the motion for preliminary injunction (doc. 26) but offers no reason why the motion to amend the complaint should be denied.

Company, LLC, from using the name and mark "Lake Martin Realty." (Docs. 2 & 27). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

To prevail on their motion for a preliminary injunction, the Plaintiffs bear the burden of demonstrating the following:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

*North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008) (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002)). *See also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) (quoting *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (per curiam)). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Siegel*, 234 F.3d at 1176.

In their motion for preliminary injunction, the Plaintiffs assert that they have a protectable interest in the name and mark of Lake Martin Realty. The Plaintiffs concede that they do not have a registered trademark, but they assert that while the

mark they are attempting to protect is "descriptive," because the mark has established a secondary meaning, they can protect it. (Doc. 23 at 6-7). The Court pretermits discussion of whether the Plaintiffs can establish a substantial likelihood of success on the merits of the underlying case because the Court concludes that the Plaintiffs have failed to demonstrate that they "will suffer irreparable harm" if the Court does not grant a preliminary injunction. *Berber v. Wells Fargo Bank, N.A.*, ----F. App'x ---, ---, 2019 WL 126749, *2 (11th Cir., Jan. 8, 2019) ("A court need not examine all of four prongs, because if, as here, no showing of irreparable injury is made, the injunction cannot be issued.").

"A showing of irreparable injury is the sine qua non of injunctive relief." *Siegel*, 234 F.3d at 1176 (internal quotations omitted).

> Significantly, even if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper. . .. As we have emphasized on many occasions, the asserted irreparable injury "must be neither remote nor speculative, but actual and imminent."

*Id.* at 1176-77.

In essence, the Plaintiffs argued that because there was a likelihood of confusion between Lake Martin Realty and The Lake Martin Real Estate Company, that possibility of confusion was sufficient to demonstrate irreparable harm. The Court disagrees. The Plaintiffs presented no evidence of actual or imminent injury to their reputation. At the hearing on their motion for preliminary injunction, Steve

4

Arnberg, vice-president of real estate sales for Russell Lands, when asked what damage Lake Martin Realty had suffered as a result of The Lake Martin Real Estate Company's business, responded:

> A: That's a good question. But my concern is not what I've lost. It's what I could lose.

(Doc. 23 at 43).

Lake Martin Realty's marketing director testified that she was not aware of any way in which The Lake Martin Real Estate Company, through advertising, had hurt Lake Martin Realty. (*Id.* at 87-88).

> Q: When you did a search, a Google search, and googled Lake Martin real estate, it was your company that came up; correct?
>
> A: Correct.
>
> Q: And second in line was one of your company's agents; correct?
>
> A: Correct.
>
> Q: Nowhere on there did The Lake Martin Real Estate Company even come up.
>
> A: That doesn't mean it won't in the future. And if that's –
>
> Q: But I am asking right now, as we're sitting here today.
>
> A: Correct.
>
> Q: Okay. So from that standpoint, are you aware in any way how The Lake Martin Real Estate Company, by and through any advertising, has hurt Lake Martin Realty?
>
> A: It is my job to protect our brand and to promote our brand.

Q: I'm asking are you aware –

MR. HILL: Your Honor, the witness is answering the question.

THE COURT: I disagree. You need to answer the question. It's a pretty straightforward question. Go ahead. Ask the question.

\* \* \*

(Previous question was read by the reporter: So from that standpoint, are you aware in any way how The Lake Martin Real Estate Company, by and through any advertising, has hurt Lake Martin Realty?)

A: No.

(Doc. 23 at 87-88).

Lake Martin Realty's financial secretary testified that she could quantify the number of sales that The Lake Martin Real Estate Company made, and she could calculate the total dollar amount of those sales. (*Id.* at 98). So any alleged damages would be quantifiable. Finally, vice-president and general counsel for Russell Lands, Steve Forehand testified that he was concerned that The Lake Martin Real Estate Company "could experience growth pretty dramatically," and he wanted to "nip it in the bud." (*Id.* at 114). This is not evidence of actual or imminent, irreparable economic or reputational harm that mandates preliminary injunctive relief. At best, Lake Martin Realty's harm is remote, prospective and wholly speculative. *TransUnion Risk and Alternative Data Solutions, Inc. v. Challa*, 676 F.

App'x 822, 825 (11th Cir. 2017) ("For an injury to be irreparable, it must be "neither remote nor speculative, but actual and imminent.").

> An injury is "irreparable" only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*. Mere injuries, however, substantial in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Northeastern Fla. Chap. Of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations omitted). This is not a case where the Plaintiffs do not have an adequate remedy at law to recover damages.

> While economic harm will not satisfy the irreparable-harm element in many cases, that general rule does not necessarily hold where there is no adequate remedy at law to recover damages for the harm suffered. *See Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) (concluding that monetary damages were irreparable because they could not be recovered against a state agency due to the agency's Eleventh Amendment immunity); *Texas v. Seatrain Int'l, S. A.*, 518 F.2d 175, 179 (5th Cir. 1975) (concluding that economic loss was irreparable where monetary damages were not "susceptible of specific proof").

*Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1165 (11th Cir. 2018), *cert. denied sub nom. Goldberg v. Transcon. Gas Pipe Line Co., LLC*, 2019 WL 1116465 (Apr. 29, 2019). The Court concludes that

the Plaintiffs have failed to meet their burden of demonstrating a threat of irreparable injury sufficient to a warrant a preliminary injunction.

Finally, the Plaintiffs' own actions militate against a finding of irreparable injury. The Plaintiffs first wrote to Dusty Bowles, the owner of the Defendant limited liability corporation, in July 2018 requesting that she discontinue use of the name "Lake Martin Real Estate."[2] (Doc. 22, Prel. Inj. Hr'g, Pls' Ex. 26). On July 18, 2018, Bowles declined to change the name of The Lake Martin Real Estate Company. (*Id.,* Pls' Ex. 27). On July 31, 2018, Forehand again wrote Bowles threatening her with litigation if she did not change the name. (*Id.,* Pls' Ex. 28). On August 8, 2018, Bowles again declined to change the name of the company. (*Id.,* Pls' Ex. 29).

On September 13, 2018, the Plaintiffs filed their complaint and motion for preliminary injunction in this Court. (Docs. 1 & 2). The Court set the motion for preliminary injunction for a hearing on December 19, 2018. On December 20, 2018, the Court ordered the parties to file post-hearing briefs in January 2019. On January 7, 2019, the parties filed a joint motion for an extension of time to file post-hearing briefs. (Doc. 20). The Plaintiffs agreed to extending the deadline for filing briefs until February 1, 2019. (*Id.*). On January 24, 2019, the Defendant filed an

---

[2] Although the letter is dated April 11, 2018, Steve Forehand testified that the date was a scrivner's error and he wrote the letter in July, 2018.

unopposed motion to extend the time for filing the post-hearing briefs until February 15, 2019. (Doc. 24 at 2). Since the filing of post-hearing briefs, the Plaintiffs have filed nothing. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) ("Despite the alacrity with which Wreal failed its complaint, for months, Wreal conducted no discovery and made just routine, case-management filings in the district court.").

> [T]he very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits. *Cf. Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1539 (11th Cir. 1989). For this reason, our sister circuits and district courts within this Circuit and elsewhere have found that a party's failure to act with speed or urgency . . . necessarily undermines a finding of irreparable harm."

*Wreal*, 840 F.3d at 1248.

The Court readily concludes that the Plaintiffs have failed to demonstrate that they would suffer irreparable harm, and thus, they have filed to establish the second prerequisite for the issuance of a preliminary injunction. *See Wreal*, 840 F.3d at 1248 (The Plaintiffs "must meet all four prerequisites to obtain a preliminary injunction, failure to meet even one dooms its appeal.") "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Four Seasons Hotel and Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1210 (11th

Cir. 2003) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## CONCLUSION

For the reasons as stated, it is

ORDERED that the Plaintiffs' motion for a preliminary injunction (doc. 2) be and is hereby DENIED.

Done this 1st day of May, 2019.

                                 /s/ Emily C. Marks
                                 EMILY C. MARKS
                                 CHIEF UNITED STATES DISTRICT JUDGE