IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LAKE MARTIN REALTY, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:18-cv-798-ECM |
| | ) | (WO) |
| THE LAKE MARTIN REAL ESTATE | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**INTRODUCTION**

On June 3, 2019, Plaintiffs Lake Martin Realty, Inc. and Lake Martin Realty, LLC, ("Lake Martin Realty") filed an amended complaint[1] alleging trademark infringement and unfair competition claims against Defendant The Lake Martin Real Estate Company, LLC ("Lake Martin Real Estate"). (Doc. 30). The parties are competing real estate and brokerage companies that operate around Lake Martin in Alabama. Specifically, the Plaintiffs allege a claim of false designation of origin, passing off, and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). They also allege a claim of unfair competition under Alabama common law. (*Id.*).

Jurisdiction is premised on the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, and the Court's supplemental jurisdiction of the state

---

[1] The "amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007)).

law claim pursuant to 28 U.S.C. § 1367(a).

Now pending before the Court is the Plaintiffs' motion for partial summary judgment (doc. 33) seeking judgment solely "on the issue that the LAKE MARTIN REALTY mark acquired distinctiveness before the defendant began using its mark and it is a protected mark." (*Id*. at 1). The Plaintiffs contend that they have common law trademark rights to the mark "Lake Martin Realty" and the Defendant is unlawfully infringing on that mark by using the name "The Lake Martin Real Estate Company, LLC." The Defendant filed a response in opposition to the motion, and the motion is now fully briefed and ripe for resolution. Upon careful consideration of the motion, the briefs, and the evidence filed in support of and in opposition to the motion, the Court concludes that the Plaintiffs' motion for partial summary judgment (doc. 33) is due to be denied.

## LEGAL STANDARD

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting FED. R. CIV. P. 56(a)). "[A] court generally must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016). However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018). If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as

to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Hornsby-Culpepper, supra* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.* The burden then shifts to the non-moving party to establish, by going beyond the pleadings, that a genuine issue of material fact exists. *Hornsby-Culpepper* at 1311–12.

## FACTS

The facts, taken in a light most favorable to the non-movant, are as follows:

In January 2004, Russell Lands incorporated Lake Martin Realty, Inc., but did not use the corporation for any purpose until 2009. (Doc. 35 at Ex. A & L). In 2009, Russell Lands purchased an ERA franchise, and named the company ERA Lake Martin Realty, LLC. (*Id.* at Ex. B). ERA Lake Martin Realty was a real estate listings company doing business around Lake Martin in Alabama. In 2013, the Plaintiffs determined that their relationship with ERA did not benefit them, so they negotiated a settlement and left the franchise system. (Doc. 23, Tr. Prel. Inj. Hr'g at 25-27). The Plaintiffs began operating as Lake Martin Realty, LLC, on March 1, 2013. (*Id.* at 28).

On June 18, 2018, Dusty Bowles, the owner and manager of the Defendant registered the name "The Lake Martin Real Estate Company, LLC" with the Alabama

Secretary of State, and started doing business under that name. (*Id*.). In July 2018, Steve Forehand, Vice President and General Counsel for Russell Lands on Lake Martin wrote to Bowles requesting that she discontinue use of the words "Lake Martin Real Estate" as part of her business name. (Doc. 30, Ex. A). She declined, and this litigation followed.

## DISCUSSION

The sole issue before the Court at this juncture is whether the "LAKE MARTIN REALTY mark acquired distinctiveness before the defendant began using its mark and is a protected mark." (Doc. 33 at 1). It is undisputed that the Plaintiffs do not have a registered trademark. However, they assert that because the mark has acquired secondary meaning, they can protect it.

The mere fact that the Plaintiffs do not have a registered trademark is not determinative. "[T]he use of another's unregistered, *i.e.*, common law, trademark can constitute a violation of § 43(a) where the alleged unregistered trademark[] used by the plaintiff [is] so associated with its goods that the use of the same or similar marks by another company constitutes a false representation that its goods came from the same source." *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010).

> To establish a prima facie case of trademark infringement under § 43(a), a plaintiff must show "(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two."

*Id*. (quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc*., 106 F.3d 355, 358 (11th Cir. 1997). Because the Plaintiffs seek summary judgment only on the issue of

4

acquired secondary meaning, the Court will not consider whether the Plaintiffs have established the second prong of the prima facie case.

The Plaintiffs acknowledge that the mark LAKE MARTIN REALTY is not inherently distinctive, but assert that it is geographically descriptive. (Doc. 34 at 4-5). They argue that LAKE MARTIN REALTY has acquired secondary meaning because of its "continuous and substantially exclusive use of that mark for approximately eight years before defendant began its infringing use." (*Id*. at 4). The Defendant asserts that the mark is generic, or in the alternative, that the mark has not acquired secondary meaning, and thus is unprotectable.

The distinction is critical because marks that are distinctive are generally entitled to protection while generic marks are not. *Tana*, 611 F.3d at 773.

> [The Eleventh Circuit] recognizes four categories of distinctiveness, listed in ascending order of strength: "(1) generic – marks that suggest the basic nature of the product or service; (2) descriptive – marks that identify the characteristic or quality of a product or service; (3) suggestive – marks that suggest characteristics of the product or service and require an effort of the imagination by the consumer in order to be understood as descriptive; and (4) arbitrary or fanciful – marks that bear no relationship to the product or service, and the strongest category of trademarks." *Gift of Learning Found, Inc. v. TGC, Inc.*, 329 F.3d 792, 797-98 (11th Cir. 2003). Suggestive and arbitrary or fanciful marks are deemed "inherently distinctive" because "their intrinsic nature serves to identify a particular source of a product" and are generally entitled to trademark protection. *Two Pesos,* [*Inc. v. Taco Cabana, Inc*.], 505 U.S. [763,] 768, 112 S.Ct. [2753,] 2757 [1992]. Generic marks, on the other hand, are generally incapable of receiving trademark protection and may never be registered as trademarks under the Lanham Act. *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1358 (11th Cir. 2007); *Coach House Rest*. [*v. Coach & Six Rests., Inc.*], 934 F.2d

5

> [1551,] 1560 [(11th Cir. 1991)]. Descriptive marks, though not inherently distinctive, may become sufficiently distinctive to enjoy trademark protection by acquiring "secondary meaning." 15 U.S.C. § 1052(F); *Coach House Rest.*, 934 F.2d at 1560. "A name has acquired secondary mearing when the primary significance of the term in the minds of the consuming public is not the product but the producer." *Welding Servs.*, 509 F.3d at 1358 (internal quotation and citation omitted).

*Id.*, at 774.

Generic marks are generally not accorded trademark protection and descriptive marks are only entitled to protection if the mark has acquired secondary meaning. *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investacorp) E.C.*, 931 F.2d 1519, 1522 (11th Cir. 1991). Although the Defendant asserts that there are questions of fact about whether the mark LAKE MARTIN REALTY is a generic or descriptive mark, the law is clear that "marks which are descriptive of geographic location of the source of the service" are considered descriptive marks. *Id.*, at 1522-23. The Court concludes that because "Lake Martin" is geographically descriptive, the mark LAKE MARTIN REALTY constitutes a descriptive mark.

Because LAKE MARTIN REALTY is a descriptive mark, in order to succeed on their trademark infringement claim, the Plaintiffs "must prove that the name has acquired a secondary meaning." *Tana*, 611 F.3d at 774. "A plaintiff may prove secondary meaning with direct evidence, such as consumer surveys, or circumstantial evidence." *Tartell v. South Fl. Sinus and Allergy Ctr., Inc.*, 790 F.3d 1253, 1257 (11th Cir. 2015). Absent evidence of consumer surveys to establish secondary meaning, which is the case here, the

Court examines four factors to determine whether the LAKE MARTIN REALTY mark has acquired secondary meaning:

> (1) the length and nature of the name's use, (2) the nature and extent of advertising and promotion of the name, (3) the efforts of the proprietor to promote a conscious connection between the name and the business, and (4) the degree of actual recognition by the public that the name designates the proprietor's product or service.

*Tana,* 611 F.3d at 776. *See also Tartell*, 790 F.3d at 1257; *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1358 (11th Cir. 2007). The Plaintiffs have the "burden of sustaining a high degree of proof in establishing a secondary meaning for a descriptive term." *Investacorp, Inc.*, 931 F.2d at 1525. It is at this juncture that the Plaintiffs' motion for summary judgment fails.

The Court finds that there are genuine issues of material fact about whether the mark LAKE MARTIN REALTY has acquired secondary meaning entitling the Plaintiffs to its protection. Assuming without deciding that the Plaintiffs could satisfy to some degree the first three factors, the Court finds that they wholly fail to satisfy the fourth factor, dooming their motion.

"Secondary meaning is the connection in the consumer's mind between the mark and the provider of the service." *Investacorp, Inc.*, 931 F.3d at 1525. In order to acquire the necessary distinctiveness to entitle the mark to protection, the mark must be "associated with the proprietor's product or service." *Welding Servs, Inc.*, 509 F.3d at 1358. "A name has acquired secondary meaning when the primary significance of the term in the minds of the [consuming] public is not the product but the producer." *Id*. (internal quotations

omitted). The Plaintiffs have presented insufficient evidence to show what the mark LAKE MARTIN REALTY "denotes to the consumer." *Tartell*, 790 F.3d at 1258. Further, there is insufficient evidence before the Court regarding "the degree of actual recognition by the public" of the mark. *Id*. The evidence before the Court shows that the mark LAKE MARTIN REALTY has been promoted as a business name, but not without modifiers. LAKE MARTIN REALTY has advertised as "ERA LAKE MARTIN REALTY" and currently advertises as "LAKE MARTIN REALTY, A Russell Lands Company." The Plaintiffs offer no evidence, legal authority, or argument to support the proposition that a mark can be dissected with such surgical precision that only certain portions thereof are trademark protected without consideration of the whole. Indeed, in Mr. Forehand's letter to Ms. Bowles, he does not demand that she stop using the business name "The Lake Martin Real Estate Company" but only that she excise "LAKE MARTIN REAL ESTATE" therefrom. The Court is not persuaded that the mark is entitled to protection when to do so requires the Court to completely ignore context and the totality of the circumstances. To find trademark protection based on the evidence before the Court, the Court would necessarily have to speculate that the public associates only the mark "LAKE MARTIN REALTY" with the Plaintiffs, as opposed to "LAKE MARTIN REALTY, A Russell Lands Company." Indeed, the Plaintiffs' advertisements submitted as evidence use "A Russell Lands Company" in conjunction with "LAKE MARTIN REALTY." Further, the evidence shows that the Plaintiffs' realtors expressed concern about dropping "A Russell Lands Company" from its name for fear it would negatively impact sales. (Doc. 23, Tr. Prel. Inj. Hr'g at 29-30).

Without more, the Court cannot conclude to what degree the public recognizes the bald mark "LAKE MARTIN REALTY" as designating the Plaintiffs' products or services. "Distinctiveness and [t]he existence of secondary meaning" are "question[s] of fact." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1084 (11th Cir. 2016); *Welding Servs., Inc.,* 509 F.3d at 1357 ("Distinctiveness is a question of fact, whether the question is inherent distinctiveness or acquired distinctiveness."); *Coach House Rest., Inc. v. Coach & Six Restaurants, Inc.,* 934 F.2d 1551, 1559-60 (11th Cir. 1991) ("Both the distinctiveness categorization and the existence of a secondary meaning are questions of fact.")(footnote omitted). Accordingly, a genuine issue of material fact exists, precluding summary judgment.

The Plaintiffs' burden to establish secondary meaning is a high one, and at this juncture, the Court concludes that the Plaintiffs have failed to demonstrate that there are no genuine issues of material fact about whether LAKE MARTIN REALTY has acquired secondary meaning. Consequently, the Court concludes that the Plaintiffs' motion for partial summary judgment is due to be denied.

## CONCLUSION

For the reasons as stated, it is

ORDERED that the Plaintiffs' motion for partial summary judgment (doc. 33) is DENIED.

Done this 18th day of December, 2019.

                                        /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE